IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–01300–MDB

ACUITY, a mutual insurance company,

    Plaintiff,

v.

PEAK VIEW ROOFING CO.,
JEFFREY PIERCE, and
TY SMITH,

    Defendants.

# ORDER

This matter is before the Court on Plaintiff Acuity's Motion for Summary Judgment Pursuant to F.R.C.P. 56. (["Acuity MSJ"] Doc. No. 25.) Defendant Pierce has filed a response and Cross Motion for Summary Judgment[1] to the Acuity MSJ (["Pierce MSJ"] Doc. No. 26), to which Plaintiff has replied (Doc. No. 28.) After reviewing all briefing and relevant law, the Court **ORDERS** that the Acuity MSJ is **GRANTED** and the Pierce MSJ is **DENIED**.

## STATEMENT OF THE CASE

**I.  Procedural Posture**

---

[1] Though titled a "Cross Motion for Summary Judgment," the Pierce MSJ is made up of a single sentence incorporating Defendant Pierce's response arguments, does not pursue arguments on reply, and does not include the required statement of undisputed facts. (*See* Doc. No. 26 at 10 ("For the reasons stated above, the Rzr was a "covered auto" under the Policy and ... Jeffrey Pierce [is] entitled to a defense and indemnity under the express provisions of the policy.").) Nevertheless, the Court has considered the Pierce MSJ under the same facts as the Acuity MSJ.

This case arises from an underlying lawsuit pending in El Paso County District Court (the "Underlying Action"), in which Defendant Smith alleges he was injured on August 19, 2022, while riding as a passenger in a 2018 Polaris Rzr ATV (the "Rzr") owned by Bluethread Services, LLC d/b/a Peak View Roofing, LLC and operated by Defendant Pierce. (*See generally* Doc. No. 1.) Plaintiff is currently defending Pierce and Peak View Roofing Co.[2] ("PVRC") in the Underlying Action under a reservation of rights. (*Id*. ¶ 17.) In this declaratory-judgment action, Plaintiff seeks a determination that it has no duty to defend or indemnify Pierce or PVRC. (*Id*. ¶¶ 20–23.)

Both Plaintiff and Defendant Pierce have filed dispositive motions. (Doc. Nos. 25, 26.) Defendant Smith has not moved for summary judgment, and PVRC has not appeared. The Clerk has entered default against PVRC. (Doc. No. 20.)

II.   **Undisputed Material Facts**

1. This matter arises from the Underlying Action filed by Defendant Smith alleging damages against Defendants Pierce and PVRC in in El Paso County District Court. (Doc. No. 25 at ¶ 1 (citing Doc. No. 1-1).)

2. Acuity issued a Commercial Auto policy, number ZL5260 (the "Policy"), to Bluethread Services, LLC d/b/a Peak View Roofing, LLC with effective dates of August 4, 2022 through December 3, 2022. (*Id.* at ¶ 2 (citing Doc. No. 1-2 at 3).)

---

[2] PVRC was an entity owned and operated by Defendant Pierce. (Doc. No. 26 at 1.) PVRC's assets—seemingly including the Rzr (though the parties dispute this)—were sold to Bluethread Services, LLC d/b/a Peak View Roofing, LLC in 2020. (*Id.* at 2.) PVRC *is not* the same entity as Peak View Roofing, LLC.

2

3. The Rzr is not listed on the Policy as a "Business Auto." (*Id.* at ¶ 3 (citing Doc. No. 1-2 at 4–15).) The Rzr *is* listed in the Policy as "Scheduled Contractor's Equipment" under the Policy's Commercial Inland Marine Coverage. (*Id.* at ¶ 4 (citing Doc. No. 25-3).)

4. The Contractor's Equipment Coverage Form *does not* include coverage for bodily injury or create a duty of defense or indemnity on the part of Acuity. (*Id.* at ¶ 5 (citing Doc. No. 25-3).)

5. If the Rzr is a "covered auto" under the Policy, Plaintiff has a duty to defend Defendants Pierce or PVRC in the Underlying Action. If the Rzr is not a covered auto, Acuity does not have a duty to defend or indemnify.

## LEGAL STANDARD

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but instead, must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c).

"A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249

(1986)). Whether there is a genuine dispute as to a material fact depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury," or conversely, whether the evidence "is so one-sided that one party must prevail as a matter of law." *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (quoting *Anderson*, 477 U.S. at 251–52). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248). "Where the record taken as a whole could not lead a rational trier of fact to find for the [nonmovant], there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In evaluating a motion for summary judgment, a court may consider admissible evidence only. *Johnson v. Weld Cnty.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. However, this standard does not require the Court to make unreasonable inferences in favor of the nonmoving party. *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008). The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994).

## ANALYSIS

According to Plaintiff, this case is open and shut: The parties agree the Rzr was insured under the Policy as "equipment" rather than a "business auto," and thus, Plaintiff says, it cannot not create a duty of defense or indemnity on the part of Acuity. (Doc. No. 28 at 2–4.) Defendant Pierce responds by arguing the Rzr was "erroneously" added to the Policy as equipment (Doc. No. 27 at 6), and contends that the Court must effectuate the intent of the parties, which he says was to include the Rzr as a covered auto under the Policy. Thus, according to Defendant Pierce, Plaintiff indeed has a duty to defend. (*Id.* at 6–7.)

"An insurance policy is merely a contract that courts should interpret in line with well-settled principles of contract interpretation." *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003). "In undertaking the interpretation of an insurance contract, courts should be wary of rewriting provisions, and should give the words contained in the contract their plain and ordinary meaning, unless contrary intent is evidenced in the policy. Courts should read the provisions of the policy as a whole, rather than reading them in isolation" *Id.* (internal citation omitted). Courts "construe coverage provisions in an insurance contract liberally in favor of the insured to provide the broadest possible coverage." *TCD, Inc. v. American Family Mut. Ins. Co.*, 296 P.3d 255, 257–58 (Colo. App. 2012).

Here, the threshold question is whether the Court should look beyond the explicit terms of the Policy—which lists the Rzr as equipment—in an attempt to uncover some underlying intent to include the Rzr as a covered auto. The Court does not see a basis for doing so.

First, while it is true that a court should look to the parties' intent to resolve "ambiguities" in an insurance policy, this is not a case of ambiguity. Indeed, there is no dispute over the meaning of certain Policy terms. The language is explicit and clear, the Rzr is covered

5

as equipment. *Bengtson v. USAA Prop. & Cas. Ins.*, 3 P.3d 1233, 1235 (Colo. App. 2000) ("Unless there is an ambiguity in the terms of a policy, a court should avoid strained interpretations and should enforce an insurance contract as written."); *see also Snipes v. Am. Fam. Mut. Ins. Co.*, 134 P.3d 556, 558 (Colo. App. 2006) ("[B]ecause an insurer cannot be held liable beyond the scope of risks clearly covered in the policy, courts may not force an ambiguity in order to resolve it against the insurer.").

Likewise, the record contains no evidence that the Rzr's classification as "equipment" was an error attributable to both the insured and the insurer. *Cf. Woodruff v. O'Dell*, 701 P.2d 112, 114 (Colo. App. 1985) ("If there has been a mutual mistake a court may reform a written insurance contract to conform to the parties' true agreement."). Although Pierce characterizes the classification as a "misclassifi[cation]" by Plaintiff (Doc. No. 26 at 7), he offers no supporting evidence—such as a policy application identifying the Rzr as an auto, or any objection raised to its classification—that would support this claim. Nor is this a case of hidden or confusing language. The policy plainly lists the Rzr as "equipment" in the Contractor's Equipment Coverage Form, not as a covered auto under the Business Auto section. (*See* Doc. No. 1-2 at 3–14; Doc. No. 25-3). *Cf. Bailey v. Lincoln Gen. Ins. Co.*, 255 P.3d 1039, 1049 (Colo. 2011) (noting that "[b]ecause of the nature of insurance policies, courts have a duty to scrutinize them closely for 'provisions that unduly compromise the insured's interests'" (quoting *Huizar v. Allstate Insurance Co.,* 952 P.2d 342, 344 (Colo. 1998))). Further, as Plaintiff notes, Pierce himself acknowledges that after the Rzr was added to the Policy, Plaintiff sent PVRC a notice of

the change—effective January 6, 2020—reflecting the Rzr's classification:

> **CHANGES:**
>
> ADDED 2018 POLARIS RZR 1000 TURBO TO SCHEDULED CONTRACTOR'S EQUIPMENT

(Doc. No. 26-9.) If Pierce or PVRC disagreed with that classification, or intended the Rzr to be covered as an auto, they had ample notice of the issue and an opportunity to address it. *See Unigard Sec. Ins. Co. v. Mission Ins. Co. Tr.*, 12 P.3d 296, 300 (Colo. App. 2000), *as modified on denial of reh'g* (Apr. 20, 2000) ("An insured is charged with knowledge of the policy's terms and is therefore on notice that the scope of his, her, or its insurance coverage is governed by the terms of the policy."). Asking the Court to address this purported misclassification now—without any evidence of actual error or misclassification—amounts to asking the Court to rewrite the policy for the insurer's benefit. The Court will not do that.

Finally, Defendant Pierce makes the conclusory argument that the Policy "does not require that [an item] be identified in the policy declarations" in order to qualify as a covered auto. (Doc. No. 26 at 9.) But he does not direct the Court to any policy language or case law supporting this argument, and indeed, the Policy specifically states that coverage "appl[ies] only to those autos shown as covered autos." (Doc. No. 1-2 at 3.)

7

In sum, based on the undisputed Policy language and declarations, the Rzr was equipment, not a covered auto at the time of the accident. Therefore, Plaintiff does not have a duty to defend or indemnify Defendant Pierce or PVRC in the Underlying Action.[3]

## CONCLUSION

For the foregoing reasons it is

**ORDERED** that Plaintiff Acuity's Motion for Summary Judgment Pursuant to F.R.C.P. 56 (Doc. No. 25.) is **GRANTED** and Defendant Pierce's Cross Motion for Summary Judgment is **DENIED** (Doc. No. 26). The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant Pierce. It is further

**ORDERED** that Plaintiff and Defendant Smith shall file a joint status report on before **October 7, 2025**, indicating whether the parties intend to litigate this case further or whether the Court should close the case.

Dated this 23rd day of September, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

[3] Because the Court makes this finding, it does not need to reach the parties' remaining arguments as to whether the Rzr was being used in a manner envisioned by the Policy or whether Pierce and PVRC were insureds under the policy.